HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Stephen L. Dreyfuss, Esq.
Robert B. Rosen, Esq.
One Gateway Center
Newark, New Jersey 07102-5323
973.621.9020

THORNTON LAW GROUP, P.C.
1725 North Fine Avenue
Fresno, California 93727-1616
559.400.8999

MICHAEL P. MALLERY, ESQ.
General Counsel
Gerawan Farming, Inc.
7108 North Fresno Street, Suite 450
Fresno, California 93720
559.272.2310

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERAWAN FARMING, INC., a California corporation, | Civil Action No. 19-00481 (MCA)(LDW) |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| ATALANTA CORPORATION, a New York corporation, | |
| Defendant. | |

Plaintiff GERAWAN FARMING, INC., a California Corporation, by its

attorneys, as and for its Complaint against defendant ATALANTA CORPORATION, a New

York corporation with its principal place of business located in Elizabeth, New Jersey, alleges as

follows:

## PARTIES

1.      Plaintiff GERAWAN FARMING, INC. ("**GFI**") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of California with a principal place of business at 15749 E. Ventura, Sanger, California.

2.      Upon information and belief, defendant ATALANTA CORPORATION ("Defendant"), is, and at all times relevant hereto, a corporation organized and existing under the laws of the State of New York with a principal place of business at 1 Atalanta Plaza, Elizabeth, New Jersey.

## JURISDICTION AND VENUE

3.      This is a civil action for trademark infringement, false designation of origin, false advertising and unfair competition arising under the United States Trademark Act, 15 U.S.C. §§ 1051-1129 and under New Jersey statutory and common law.  This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court has pendent jurisdiction over all claims herein arising under New Jersey law under 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that defendant resides in this judicial district and has committed a significant number of acts in this judicial district.

## GENERAL ALLEGATIONS

5.      This is an action to enjoin the infringement of GFI's PRIMA trademarks and to recover damages and injunctive relief for such infringement, false designation of origin, false advertising and unfair trade practices pursuant to 15 U.S.C. § 1051, et seq., the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 et seq. and New Jersey common law.

6.      At all material times herein, GFI has been and is engaged in the business of producing and distributing fresh produce. GFI first adopted and used the mark PRIMA as a brand for its fresh produce in interstate commerce at least as early as 1970.

7.      On June 2, 1987, the mark PRIMA, in standard character form, was registered with the United States Patent and Trademark Office ("PTO") on the Principal Register under the Act of 1946 covering the use of the mark PRIMA on, among other produce, certain fresh fruits, including table grapes, peaches, plums, nectarines, kiwis, persimmons, apricots, cantaloupe, honeydew and crenshaw (United States Trademark Registration No. ("Reg. No.") 1,441,378; hereinafter, the "'378" registration). The '378 registration was amended voluntarily to delete, among other produce, certain of the specified fruits. As a result of the amendment, the fresh fruits covered by the '378 registration are table grapes, peaches, plums, nectarines and apricots. A copy of the amended certificate of registration for the '378 registration is attached hereto as Exhibit A. The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States.

8.      A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '378 registration, was filed with, and acknowledged by, the PTO.

9.      On March 17, 2009, the mark PRIMA, in stylized form, was registered with the PTO on the Principal Register under the Act of 1946 covering the use of the mark PRIMA on fresh fruits (Reg. No. 3,592,505; hereinafter, the "'505" registration). GFI's stylized PRIMA mark is shown below:



A copy of the certificate of registration for the '505 registration is attached hereto as Exhibit B. The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States.  GFI first used the mark PRIMA in the stylized form registered in the '505 registration for fresh fruit in interstate commerce at least as early as April 10, 1985.

10.    A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '505 registration, was filed with, and acknowledged by, the PTO.

11.    On October 26, 2010, the mark PRIMA, in standard character form, was registered with the PTO on the Principal Register covering the use of the mark PRIMA on fresh fruits (Reg. No. 3,866,359; hereinafter, the "'359" registration).  A copy of the certificate of registration for the '359 registration is attached hereto as Exhibit C.  The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States.

12.    A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '359 registration, was filed with, and acknowledged by, the PTO.

13.    On November 9, 2010, the mark PRIMA SWEET, in stylized form, was registered with the PTO on the Principal Register covering the use of the mark PRIMA SWEET on fresh fruits (Reg. No. 3,871,978; hereinafter, the "'978" registration). GFI's stylized PRIMA SWEET mark is shown below:

A copy of the certificate of registration for the '978 registration is attached hereto as Exhibit D. The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States. GFI first used the mark PRIMA SWEET in the stylized form registered in the '978 registration for fresh fruit in interstate commerce at least as early as May of 1994.

14.     A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '978 registration, was filed with, and acknowledged by, the PTO.

15.     On August 17, 2010, the mark PRIMAREADY READY TO EAT, in stylized form, was registered with the PTO on the Principal Register covering the use of the mark PRIMAREADY READY TO EAT on fresh fruits (Reg. No. 3,833,518; hereinafter, the "'518" registration). GFI's stylized PRIMAREADY READY TO EAT mark is shown below:



A copy of the certificate of registration for the '518 registration is attached hereto as Exhibit E. The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States. GFI first used the mark PRIMAREADY READY TO EAT in the stylized form registered in the '518 registration for fresh fruit in interstate commerce at least as early as May of 1999.

16.     A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '518 registration, was filed with, and acknowledged by, the PTO.

17.     On March 6, 1990, the mark PRIMA SWEET PERSONALLY SELECTED, in standard character form, was registered with the PTO on the Principal Register covering the use of the mark PRIMA on fresh fruits, namely table grapes, peaches, plums, nectarines and apricots (Reg. No. 1,585,993; hereinafter, the "'993" registration). A copy of the certificate of registration for the '993 registration is attached hereto as Exhibit F. The registration is prima facie evidence of the validity of the registered mark and of GFI's exclusive right to use it throughout the United States. GFI first used the mark PRIMA SWEET PERSONALLY SELECTED in standard character form registered in the '993 registration for fresh fruit in interstate commerce at least as early as September 11, 1987.

18.     A declaration complying with the requirements of 15 U.S.C. § 1065, for purposes of establishing incontestability of the '993 registration, was filed with, and acknowledged by, the PTO.

19.     GFI owns the above identified registrations of or including the word "Prima" (collectively "the PRIMA Marks"), which are and continue to be in full force and effect, and which cover use on fresh fruits or, as to the '378 and '993 marks, use on table grapes, peaches, plums, nectarines and apricots. All of the PRIMA Marks are incontestable. GFI has given notice that its marks are registered in the PTO by displaying with the marks as used the letter R enclosed within a circle.

20.     GFI's fresh produce has been and continues to be extensively advertised and sold throughout the United States under the PRIMA Marks. By virtue of advertising and sales, together with consumer acceptance and recognition, GFI's PRIMA Marks identify GFI's product only, and distinguish it from products sold by others. GFI's PRIMA Marks have thus become well known and unique and are a valuable asset symbolizing GFI, its quality products and its goodwill.

Attached hereto as Exhibit G is a true and correct photographic depiction of the use of the PRIMA Marks with fresh fruits, specifically peaches.

21.     Upon information and belief, defendant, with at least constructive notice of GFI's ownership of the federally-registered PRIMA Marks for use on fresh fruits, subsequently adopted the same designation "Prima" for use on canned fruits and canned vegetables, which is identical to GFI's federally-registered PRIMA Marks, and has distributed in interstate commerce, including in the District of New Jersey, said canned fruits and canned vegetables, including but not limited to canned peaches, canned pears, canned apple sauce, canned mandarin oranges, canned pineapples, canned mushrooms and canned sun dried tomatoes under this identical designation.  Fresh fruits and canned fruits are identical or very closely related products for purposes of determining whether there is a likelihood of confusion.

22.     GFI has not licensed or otherwise authorized defendant to use the PRIMA Marks in commerce.  In addition, the canned fruit sold by defendant under the name "Prima" does not actually contain the fruit grown and marketed by GFI under the PRIMA Marks.

23.     On August 15, 2013, Atalanta applied to register the mark PRIMA, in standard character form, on the Principal Register under the Act of 1946 covering the use of the mark PRIMA on Canned, Frozen or Otherwise Processed Meat, Seafood and Cheese; Canned Fruits; Canned Vegetables (Serial No. 86038612; hereinafter, the '612 Application).  A copy of a printout from the PTO Tess system for the '612 application is attached hereto as Exhibit H.  On information and belief, attached hereto as Exhibit I is a Prima label used by defendant on diced peaches.

24.   On September 22, 2015, the '612 application was published in the Federal Register.  Subsequently, on March 21, 2016, GFI filed a Notice of Opposition initiating Opposition Proceeding No. 91227004 in the Trademark Trial and Appeal Board.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

### (15 U.S.C. §1114)

25.   GFI repeats and realleges the allegations of paragraphs 1 through 24 hereof as though the same were fully set forth herein.

26.   Defendant's unauthorized use of the PRIMA Marks in connection with its goods constitutes use in commerce of reproductions, copies, confusingly similar or colorable imitations of the federally-registered PRIMA Marks and is likely to cause confusion and mistake in the mind of the relevant consumers and, thus, constitutes infringement of GFI's rights, all in violation of 15 U.S.C. § 1114.  On information and belief, defendant's acts of infringement are deliberate, willful and in bad faith with full knowledge of and/or in conscious disregard of GFI's rights.

27.   Defendant's aforesaid acts are irreparably damaging to GFI and will continue to so damage GFI until restrained by this Court. GFI therefore is without an adequate remedy at law.

28.   GFI is further entitled to recover from defendant the actual damages that it sustained and/or is likely to sustain as a result of defendant's wrongful acts.  GFI is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of defendant's acts of infringement.

29.   GFI is further entitled to recover from defendant the gains, profits, and advantages that defendant has obtained as a result of its wrongful acts.  GFI is presently unable to

ascertain the extent of the gains, profits, and advantages that defendant has realized by reason of its acts of infringement.

30.   Because of the willful nature of defendant's wrongful acts, GFI is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

31.   GFI is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II

## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING

### (15 U.S.C. §1125(a))

32.   GFI repeats and realleges the allegations of paragraphs 1 through 31 hereof as though the same were fully set forth herein.

33.   By adopting an identical mark for defendant's canned produce products, defendant has created a likelihood that consumers will be confused or deceived with respect to defendant's goods and will believe that such products originate with or are approved or sponsored by, or endorsed or affiliated with, GFI and/or that the fruits canned by defendant are those grown and marketed under the PRIMA Marks by GFI.

34.   Defendant's conduct is likely to cause confusion, mistake and deception, thus constituting a false designation of origin and false advertising in violation of Section 43(a) of the Trademark Act.

35.   On information and belief, defendant's aforesaid acts were deliberate, willful and in bad faith with full knowledge of and/or conscious disregard of GFI's rights.

36.     Defendant's aforesaid acts are irreparably damaging to GFI and will continue to so damage GFI until restrained by this Court.  GFI therefore is without an adequate remedy at law.

37.     GFI is further entitled to recover from defendant the gains, profits, and advantages that defendant has obtained as a result of its wrongful acts.  GFI is presently unable to ascertain the extent of the gains, profits, and advantages that defendant has realized by reason of its acts of false designation of origin.

38.     Because of the willful nature of defendant's wrongful acts, GFI is entitled to an award of treble damages and increased profits.

39.     GFI is also entitled to recover its attorneys' fees and costs of suit.

**COUNT III**

**NEW JERSEY UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**

40.     GFI repeats and realleges the allegations of paragraphs 1 through 39 hereof as though the same were fully set forth herein.

41.     The acts of defendant complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 et seq., in that defendant has misappropriated the PRIMA Marks for its own use.

42.     The acts of defendant also constitute trademark infringement in violation of the common law of New Jersey.

43.     On information and belief, defendant's aforesaid acts were deliberate, willful and in bad faith with full knowledge of and/or conscious disregard of GFI's rights.

44.     Defendant's aforesaid acts are irreparably damaging to GFI and will continue to so damage GFI until restrained by this Court.  GFI therefore is without an adequate remedy at law.

45.     GFI is further entitled to recover from defendant the gains, profits, and advantages that defendant has obtained as a result of its wrongful acts.  GFI is presently unable to ascertain the extent of the gains, profits, and advantages that defendant has realized by reason of its acts of false designation of origin.

46.     Because of the willful nature of defendant's wrongful acts, GFI is entitled to an award of treble damages and increased profits.

47.     GFI is also entitled to recover its attorneys' fees and costs of suit.

## COUNT IV

## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING

### (15 U.S.C. §1125(a))

48.     GFI repeats and realleges the allegations of paragraphs 1 through 47 hereof as though the same were fully set forth herein.

49.     Defendant has asserted, and in its counterclaim to GFI's original complaint in this action has alleged, that the PRIMA Marks are not enforceable as trademarks because the name "Prima" is a varietal of the type of fruit sold by GFI and therefore is generic.

50.     GFI denies that the PRIMA Marks are not enforceable and further denies that the PRIMA Marks are used as a varietal of the type of fruit GFI sells, or that the PRIMA Marks, or any of them, are generic.

51.     The fruits sold by GFI are exclusively grown by GFI, and GFI does not sell or supply its fruits to defendant.

52.     Thus, the fruit sold by defendant under the name "Prima" does not actually contain the fruit grown and marketed by GFI.

53.     In the event that the PRIMA Marks, or any of them, are found to be a varietal for fresh fruit, whether or not also generic, by adopting the name "Prima" in its packaging and advertising for the sale of fruit, defendant is selling goods that are not genuine "Prima" fruit and therefore has created by its false representation a likelihood that consumers will be confused or deceived with respect to defendant's goods and will believe that such products are genuine "Prima" fruits, that such products originate with GFI and/or that the fruits canned by defendant are those grown and marketed by GFI as the only grower of such produce.

54.     Defendant's conduct is likely to cause confusion, mistake and deception, thus constituting a false designation of origin and false advertising in violation of Section 43(a) of the Trademark Act thereby likely causing injury to GFI by diversion of sales from GFI to defendant and/or lessening of goodwill associated with GFI's produce.

55.     On information and belief, defendant's aforesaid acts were deliberate, willful and in bad faith with full knowledge of and/or conscious disregard of GFI's rights.

56.     Defendant's aforesaid acts are irreparably damaging to GFI and will continue to so damage GFI until restrained by this Court.  GFI therefore is without an adequate remedy at law.

57.     GFI is further entitled to recover from defendant the gains, profits, and advantages that defendant has obtained as a result of its wrongful acts.  GFI is presently unable to ascertain the extent of the gains, profits, and advantages that defendant has realized by reason of its acts of false designation of origin.

58.     Because of the willful nature of defendant's wrongful acts, GFI is entitled to an award of treble damages and increased profits.

59.     GFI is also entitled to recover its attorneys' fees and costs of suit.

## COUNT V

## NEW JERSEY UNFAIR COMPETITION

60.     GFI repeats and realleges the allegations of paragraphs 1 through 59 hereof as though the same were fully set forth herein.

61.     The acts of defendant complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 et seq., in that if defendant is correct that "Prima" is a fruit varietal name, defendant has misappropriated the reputation and goodwill of GFI by purporting to sell "Prima" fruit when in fact the fruit it sells as "Prima" is not genuine "Prima" fruit.

62.     The acts of defendant in misappropriating the reputation and goodwill of defendant also constitute unfair competition in violation of the common law of New Jersey.

63.     On information and belief, defendant's aforesaid acts were deliberate, willful and in bad faith with full knowledge of and/or conscious disregard of GFI's rights.

64.     Defendant's aforesaid acts are irreparably damaging to GFI and will continue to so damage GFI until restrained by this Court.  GFI therefore is without an adequate remedy at law.

65.     GFI is further entitled to recover from defendant the gains, profits, and advantages that defendant has obtained as a result of its wrongful acts.  GFI is presently unable to ascertain the extent of the gains, profits, and advantages that defendant has realized by reason of its acts of false designation of origin.

66.     Because of the willful nature of defendant's wrongful acts, GFI is entitled to an award of treble damages and increased profits.

67.     GFI is also entitled to recover its attorneys' fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, GFI requests that this Court enter judgment in its favor and grant the following alternative and cumulative relief:

1.    **Accounting**. That defendant be required to account to GFI for all profits and damages resulting from defendant's unlawful activities.

2.    **Injunctive Relief**. That a preliminary and permanent injunction be issued enjoining defendant and its agents, servants, employees, distributors, licensees, partners, representatives, related companies, officers, directors, assigns, and attorneys and those in active concert or participation with them:

A.    From promoting, advertising, or publicizing any goods or services under PRIMA or any other mark containing the word "Prima" or under GFI's PRIMA Marks, or any other mark, name, symbol, or logo that is a counterfeit, copy, or colorable imitation of, incorporates or is confusingly similar to, or is substantially indistinguishable from, GFI's PRIMA Marks;

B.    From promoting, advertising, or publicizing any goods under PRIMA or any other mark containing the word "Prima" or under GFI's PRIMA Marks, or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that defendant's business or goods are sponsored or endorsed by GFI, are authorized by GFI, or are connected in some way with GFI or its PRIMA Marks.

C.    From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale, or otherwise disposing of, in any manner, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any business cards, letterheads, catalogs, price lists,

promotional materials and the like, bearing the mark PRIMA or any other mark containing the word "Prima" for use on canned fruits and canned vegetables;

      D.    From using any logo, trade name, corporate name, trademark, or service mark which may be calculated to falsely represent, or which has the effect of falsely representing, that the canned fruits and canned vegetables of defendant or of third parties are sponsored by, authorized by, or in any way associated with GFI;

      E.    From representing themselves as being connected with, sponsored or endorsed by, or in any way associated or affiliated with, GFI, or engaging in any act that is likely to cause the trade, retailers, and/or consumers to believe that defendant is associated or affiliated with GFI and that the canned produce is that represented by the PRIMA Marks;

      F.    From destroying, altering, disposing of, concealing, tampering with, or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of canned fruits and canned vegetables bearing the mark PRIMA or any other mark containing the word "Prima";

      G.    From knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in prayers for relief  2(A) through 2(F) above;

      H.    To deliver up to GFI for destruction all packages, literature, labels, advertising and other materials of an infringing, false misleading or unfair nature in defendant's possession or control and all plates, molds, matrices and other means of making the same;

I.      To file with the Court and serve on GFI an affidavit setting forth in detail the manner and form in which defendant has complied with the terms of any injunction entered by this Court.

3.      **Damages**. That GFI be awarded damages against Defendant as follows:

A.      GFI's actual damages and defendant's profits pursuant to 15 U.S.C. § 1117(a);

B.      Three times such actual damages and increased profits as provided under 15 U.S.C. § 1117(b);

C.      Compensatory, treble and other damages pursuant to New Jersey law;

D.      Punitive damages for the willful and wanton nature of Defendant's unlawful acts; and

E.      Pre-judgment interest.

4.      **Attorneys' Fees and Costs**. That GFI have and receive its costs in this action, including an award of reasonable attorneys' fees and investigation fees pursuant to 15 U.S.C. § 1117 and Federal Rule of Civil Procedure 54(d).

5.      For such other and further relief as the court deems just and proper.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center
Newark, New Jersey 07102-5323
973.621.9020


By: _____ s/ Stephen L. Dreyfuss
                        STEPHEN L. DREYFUSS
                        ROBERT B. ROSEN
                        Members of the Firm

Dated:  April 23, 2019

                        and

THORNTON LAW GROUP, P.C.
1725 North Fine Avenue
Fresno, California 93727-1616
559.400.8999

MICHAEL P. MALLERY, ESQ.
General Counsel
Gerawan Farming, Inc.
7108 North Fresno Street, Suite 450
Fresno, California 93720
559.272.2310

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Gerawan Farming, Inc. hereby demands a trial by jury on all issues so triable.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Plaintiff


By: _____ s/ Stephen L. Dreyfuss
            STEPHEN L. DREYFUSS
            ROBERT B. ROSEN
            Members of the Firm

Dated:   April 23, 2019


and

THORNTON LAW GROUP, P.C.
1725 North Fine Avenue
Fresno, California 93727-1616
559.400.8999

MICHAEL P. MALLERY, ESQ.
General Counsel
Gerawan Farming, Inc.
7108 North Fresno Street, Suite 450
Fresno, California 93720
559.272.2310

**EXHIBIT A**

Int. Cl.: 31

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,441,378
Registered June 2, 1987

TRADEMARK
PRINCIPAL REGISTER

PRIMA

GERAWAN CO., INC. (CALIFORNIA CORPO-
RATION)
POST OFFICE BOX 1116
REEDLEY, CA 93654

FOR: FRESH FRUITS AND VEGETABLES
NAMELY, TABLE GRAPES; PEACHES;
PLUMS; NECTARINES; LETTUCE; CAULI-
FLOWER; KIWIS; PERSIMMONS; RAPINI;
BROCCOLI; BOK CHOY; APRICOTS; CANTA-

LOUPE; ESCAROLE; HONEYDEW; CREN-
SHAW; RED LEAF; GREEN LEAF; BOSTON;
RED CABBAGE; GREEN CABBAGE; AND
NAPPA, IN CLASS 31 (U.S. CL. 46).
FIRST USE 0-0-1970; IN COMMERCE
0-0-1970.

SER. NO. 529,719, FILED 4-1-1985.

JULIE R. SEYLER, EXAMINING ATTORNEY

EXHIBIT B

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

Reg. No. 3,592,505

## United States Patent and Trademark Office

Registered Mar. 17, 2009

### TRADEMARK
### PRINCIPAL REGISTER



GERAWAN FARMING INC. (CALIFORNIA COR-
PORATION)

15749 E. VENTURA AVE.

SANGER, CA 93657

FOR: FRESH FRUIT, IN CLASS 31 (U.S. CLS. 1
AND 46).

FIRST USE 4-10-1985; IN COMMERCE 4-10-1985.

OWNER OF U.S. REG. NOS. 1,441,378, 3,089,808,
AND OTHERS.

THE MARK CONSISTS OF THE WORD "PRIMA"
STYLIZED WITH A GRAPHIC ELEMENT.

SN 77-339,412, FILED 11-28-2007.

KATHY DE JONGE, EXAMINING ATTORNEY

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# PRIMA

**Reg. No. 3,866,359**
**Registered Oct. 26, 2010**

**Int. Cl.: 31**

**TRADEMARK**

**PRINCIPAL REGISTER**

GERAWAN FARMING, INC. (CALIFORNIA CORPORATION)
15749 E. VENTURA
SANGER, CA 93657

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 5-12-2009; IN COMMERCE 5-12-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,441,378 AND 3,592,505.

THE ENGLISH TRANSLATION OF "PRIMA" IN THE MARK IS "BEFORE".

SER. NO. 77-735,511, FILED 5-12-2009.

YAT SYE, LEE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT D**

# United States of America

## United States Patent and Trademark Office



Reg. No. 3,871,978

Registered Nov. 9, 2010

Int. Cl.: 31

TRADEMARK

PRINCIPAL REGISTER

GERAWAN FARMING, INC. (CALIFORNIA CORPORATION)
13749 E. VENTURA
SANGER, CA 93657

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 5-12-2009; IN COMMERCE 5-12-2009.

OWNER OF U.S. REG. NOS. 1,441,378, 1,585,993, AND 3,592,505.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SWEET", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE STYLIZED WORDS "PRIMA" AND "SWEET" WITHIN AN ELLIPTICAL BORDER, WITH A BACKGROUND OF HORIZONTAL LINES AND A STYLIZED DRAWING OF A PIECE OF FRUIT WITH STEM AND LEAVES.

THE ENGLISH TRANSLATION OF "PRIMA" IN THE MARK IS "BEFORE".

SER. NO. 77-735,515, FILED 5-12-2009.

YAT SYE, LEE, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

**EXHIBIT E**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,833,518**
**Registered Aug. 17, 2010**

**Int. Cl.: 31**

**TRADEMARK**

**PRINCIPAL REGISTER**

GERAWAN FARMING, INC. (CALIFORNIA CORPORATION)
13749 E. VENTURA AVE.
SANGER, CA 93657

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 5-13-2009; IN COMMERCE 5-13-2009.

OWNER OF U.S. REG. NOS. 1,441,378 AND 3,592,505.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "READY TO EAT", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE STYLIZED WORD "PRIMAREADY" ON A STREAK IN FRONT OF A STYLIZED DEPICTION OF THE SUN WHICH CONSISTS OF A ROUND BACKGROUND WITH POINTS AROUND THE CIRCUMFERENCE. BELOW THE STREAK APPEARS THE WORDING "READY TO EAT".

SER. NO. 77-735,744, FILED 5-13-2009.

YAT SYE, LEE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT F

Int. Cl.: 31

Prior U.S. Cl.: 46

Reg. No. 1,585,993

**United States Patent and Trademark Office**   Registered Mar. 6, 1990

TRADEMARK
PRINCIPAL REGISTER

PRIMA SWEET PERSONALLY SELECTED

GERAWAN CO., INC. (CALIFORNIA CORPO-
RATION)
P.O. BOX 366
SANGER, CA 93657

FOR: FRESH GRAPES, PEACHES, NECTAR-
INES, PLUMS AND APRICOTS, IN CLASS 31
(U.S. CL. 46).
FIRST USE 9-9-1987; IN COMMERCE
9-11-1987.

OWNER OF U.S. REG. NO. 1,441,378.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SWEET PERSONALLY SE-
LECTED", APART FROM THE MARK AS
SHOWN.

SER. NO. 73-757,333, FILED 10-13-1988.

SHARON E. MARSH, EXAMINING ATTORNEY

**EXHIBIT G**



# EXHIBIT H



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Dec 20 04:51:45 EST 2018*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [    ]  OR  Jump  to record: [    ]  **Record 28 out of 210**

TSDR   ASSIGN STATUS   TTAB STATUS   *( Use the "Back" button of the Internet Browser to return to TESS)*

# PRIMA

| | |
|---|---|
| **Word Mark** | PRIMA |
| **Translations** | The English translation of "PRIMA" in the mark is "PREMIUM". |
| **Goods and Services** | IC 029. US 046. G & S: Canned, Frozen or Otherwise Processed Meat, Seafood and Cheese; Canned Fruits; Canned Vegetables. FIRST USE: 19540215. FIRST USE IN COMMERCE: 19540215 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86038612 |
| **Filing Date** | August 15, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 22, 2015 |
| **Owner** | (APPLICANT) Atalanta Corporation CORPORATION NEW YORK 1 Atalanta Plaza Elizabeth NEW JERSEY 07206 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Dianne M. Camelo |
| **Prior Registrations** | 0613256;1294679 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

# EXHIBIT I

